## PROVISIONAL GOVERNMENT OF THE HAWAIIAN ISLANDS *vs.* THERESA P. MACHADO.

### EXCEPTIONS.

HEARING, JULY 17, 1893.          DECISION, JULY 22, 1893.

JUDD, C.J., BICKERTON AND FREAR, JJ.

Where there is evidence to justify and support a verdict, it will not be set aside.

It is not error for a Court to take notice of and censure a person for leaving the Court room and communicating to witnesses waiting outside, the censure being made in good faith and not likely to prejudice the jury against the defendant.

### OPINION OF THE COURT, BY BICKERTON, J.

This matter comes here on a duly allowed bill of exceptions from the Circuit Court of the First Circuit, May Term, 1893. The defendant was charged with larceny, and the jury rendered a verdict of guilty. The defendant excepted to the verdict as being contrary to the law and the evidence, and moved for a new trial. The motion was overruled and an exception taken and allowed to the ruling.

The defendant's counsel contends that this is only a case of suspicion, but after a fair consideration of the evidence adduced, we are of the opinion that it is a case of very strong circumstantial evidence. The evidence for the prosecution as to the nature of the coin stolen, and that found in a place where it had been secreted by defendant, the actions of defendant during the day on which the coin was stolen, her conduct when the officers were searching her house and after they left, her great anxiety to hide this money in another place, which coin she had had secreted behind a picture in her house, and which had not been discovered by the

officers in their search, her first hiding it under her house, and shortly after moving it to a place under the steps of another house, which was unoccupied; and when the coin was afterwards discovered, she not protesting against its being taken, or even claiming it at the Station House, all point strongly to her guilt. We might go on indefinitely setting out points of evidence bearing on her guilt. In the defendant's own testimony she positively denies facts which were clearly established by the witnesses for the prosecution. In many regards her evidence, in our opinion, tends more to strengthen the case for the prosecution than to weaken it. The verdict is well sustained by the evidence, and we therefore decline to disturb it on these grounds. It has been held many times by this Court that where there is evidence to justify or support a verdict, it can not be set aside. A number of those cases are reported in 5th Haw. Rep.

The next exception argued is in regard to the Court censuring Mr. Correa for leaving the Court room during the time a witness was being examined and talking with the witnesses outside, said witnesses being excluded from the Court room under the rule, the idea being that Correa was communicating to the excluded witnesses what the witness on the stand was testifying to. It appears from the bill of exceptions, and the clerk's notes and record of the proceedings, that the Court's attention was called to Correa's conduct; the person whom Correa was seen talking to was called into Court, and in the presence of the jury, was examined as to what Correa had said to him, and the Court then said: "It seems to me that Mr. Correa has gone entirely beyond what is right in a case of this kind, and I take the occasion now of admonishing Mr. Correa never to do anything of the kind again." No exception was taken to the examination of this witness, nor to the comments of the Court at that time, but after the noon recess, such exception was taken, but disallowed by the Court as taken too late, to which ruling counsel for defendant excepted, and the exception was allowed. Immediately following this, another

investigation was had as to what Correa had said to witnesses that had not yet been called, in regard to the examination of a certain witness that had testified. Before the Court proceeded with this investigation the jury were excused from the room, and the investigation took place out of the presence and hearing of the jury. Defendant's counsel said: "Your Honor will allow me to note an exception to these proceedings during the pendency of this trial," and moved the Court to modify its remarks of censure of Mr. Correa. The motion was denied, and an exception was taken and allowed, the Court ruling, that the exception as allowed should apply only to the refusal of the Court to modify its censure of said Correa, and the Court said, "The exception is to the ruling and not to the matter of the investigation," to which defendant's counsel replied, "Yes." The jury having returned to their seats, the Court said, "Gentlemen of the jury, I will state to you, that after investigation, I am convinced that there has been no intimidation either on the part of the prosecution or the defense."

Now it is contended that these investigations and the censure of Correa by the Court, tended to prejudice the defendant's case. We cannot see how this could be. The defendant or her counsel had not been censured, only this young man who, it is said, was assisting defendant's counsel. He was not an attorney of that Court, and if the remarks of the Court had in any way prejudiced the minds of the jury in the morning, certainly its remarks in the afternoon, after the continuation of the investigation had been had and the jury recalled to their seats, would have removed any such prejudice. The remarks of the Court did not cast any reflection on the defendant or her counsel; they were not harsh or improper; it was in the nature of a warning. We are not prepared to hold that when the Court sees or has its attention called to improper conduct on the part of any one present during a trial, that the presiding Judge should remain silent and not notice it. On the contrary, we hold

that it is the duty of the Court to at once take notice of it, and if necessary, to impose a penalty for such misconduct.

We do not find from the bill of exceptions allowed, that any exception was allowed as to the investigations, but only to the rulings of the Court, that one exception was too late, and to the refusal of the Court to modify the censure of Correa. There are other exceptions contained in the bill, but they were not argued, and presumed to be abandoned by counsel.

We therefore, for the reasons above set forth, overrule the exceptions.

*W. A. Kinney*, for the prosecution.

*J. A. Magoon*, for defendant.